62-CV-18-8245

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

Case Type: Personal Injury

Court File No: 62-CV-18-8245

Catherine M. Grefsrud

     *Plaintiff*

v.

Kawasaki Motors Manufacturing Corp., U.S.A.,
Kawasaki Motors Corp., U.S.A., and
Kawasaki Heavy Industries (U.S.A.), Inc.

     *Defendants*

**SUMMONS**

STATE OF MINNESOTA to Defendant:

Kawasaki Motors Manufacturing Corp., U.S.A.
By serving Steve Simon
Minnesota Office of the Secretary of State
Business Services
Retirement Systems of Minnesota Building
60 Empire Drive, Suite 100
St. Paul, MN 55103

     Defendant is hereby summoned and required to serve upon Plaintiff's attorneys an answer

to the attached Complaint which is herewith served upon you within 20 days after service of this

Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will

be taken against you for the relief demanded in the Complaint.

     You are further notified that this case may be subject to Alternative Dispute Resolution

pursuant to Minn. Stat. § 543.22 and Rule 114.01 of the General Rules of Practice for the District

Courts.

1

**EXHIBIT A**

62-CV-18-8245

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

DATED: December 21, 2018

Respectfully submitted,

DANA G. KIRK, I.D. No. 0397876
**KIRK LAW FIRM, PLLC**
440 Louisiana Street, Suite 2400
Houston, Texas 77002
Telephone: 713/651-0050
Facsimile: 713/651-0051
kirk@kirklawfirm.com

John A. Daspit
Federal ID No. 1385146
TSBN: 24041529
Brian N. Mazzola
TSBN: 24037053
**DASPIT LAW FIRM, PLLC**
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: 713/588-0383
Facsimile: 713-587-9086
e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF
CATHERINE M. GREFSRUD**

2

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

STATE OF MINNESOTA

COUNTY OF RAMSEY

Catherine M. Grefsrud

     *Plaintiff*

v.

Kawasaki Motors Manufacturing Corp., U.S.A.,
Kawasaki Motors Corp., U.S.A., and
Kawasaki Heavy Industries (U.S.A.), Inc.

     *Defendants*

DISTRICT COURT

SECOND JUDICIAL DISTRICT

Case Type: Personal Injury

Court File No: _____

**COMPLAINT**

For her complaint against Defendants Kawasaki Motors Manufacturing Corp., U.S.A., Kawasaki Motors Corp., U.S.A., and Kawasaki Heavy Industries (U.S.A.), Inc., Plaintiff Catherine M. Grefsrud states and alleges as follows:

## I.   INTRODUCTION

1.   This is a product liability case wherein Plaintiff Catherine M. Grefsrud was severely injured by Defendants Kawasaki's defectively designed and marketed Jet Ski, Year 2016, Model SX15F (hereinafter referred to as "Jet Ski").

## II.   PARTIES

2.   Plaintiff Catherine M. Grefsrud is a resident of the state of Minnesota, residing in Pelican Rapids, Minnesota.

3.   Defendant Kawasaki Motors Manufacturing Corp., U.S.A. is a corporation organized and in existence under the laws of the state of Nebraska with its headquarters located at 6600 NW 27th Street, Lincoln, NE 68524. At all times relevant herein, Kawasaki Motors

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

Manufacturing Corp., U.S.A. was engaged in the business of importing, marketing, distributing, warranting, servicing, repairing and selling Jet Ski personal watercraft in Minnesota and throughout the United States of America. The Defendant Kawasaki Motors Manufacturing Corp., U.S.A. does not maintain a registered agent in the state of Minnesota and therefore it may be served with process by serving Steve Simon, Minnesota Office of the Secretary of State, Business Services, Retirement Systems of Minnesota Building, 60 Empire Drive, Suite 100, St. Paul, MN 55103.

4.      Defendant Kawasaki Motors Corp., U.S.A. is a corporation organized and in existence under the laws of the state of Delaware, with its headquarters located at 9950 Jeronimo Road, Irvine, California 92618. At all times relevant herein, Kawasaki Motors Corp., U.S.A. was engaged in the business of importing, marketing, distributing, warranting, servicing, repairing and selling Jet Ski personal watercraft in Minnesota and throughout the United States of America. The Defendant Kawasaki Motors Corp., U.S.A. may be served with process by serving its designated registered agent C T Corporation System, Inc., 1010 Dale Street North, St. Paul, MN 55117-5603.

5.      Defendant Kawasaki Heavy Industries (U.S.A.), Inc. is a corporation organized and in existence under the laws of the state of New York, with its headquarters located at 60 East 42nd Street, Suite 2501, New York, New York 10165. At all times relevant herein, Kawasaki Heavy Industries (U.S.A.), Inc. was engaged in the business of importing, marketing, distributing, warranting, servicing, repairing and selling Jet Ski in Minnesota and throughout the United States of America. The Defendant Kawasaki Heavy Industries (U.S.A.), Inc. does not maintain a registered agent in the state of Minnesota and therefore it may be served with process by serving Steve Simon, Minnesota Office of the Secretary of State, Business Services, Retirement Systems of Minnesota Building, 60 Empire Drive, Suite 100, St. Paul, MN 55103.

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

6.     Defendants Kawasaki operate as a single entity for the purposes of designing, manufacturing, importing, marketing, distributing, warranting, servicing, repairing and selling Jet Ski personal watercraft s in Minnesota and throughout the United States of America.

### III.   JURISDICTION AND VENUE

7.     The Court has personal jurisdiction over Defendants pursuant to Minn. Stat. § 543.19 Subd. 1 (2) the Defendants transact business within the state, and Subd. (3) Defendants committed an act in Minnesota causing injury to the Plaintiff.

8.     Venue is proper in Ramsey District pursuant to Minn. Stat. § 542.09.

### IV.   FACTS

9.     On or about August 30, 2016, the Plaintiff Catherine M. Grefsrud was riding as a passenger on the Jet Ski, Year 2016, Model SX15F. The driver of the Jet Ski nor Plaintiff Catherine M. Grefsrud were drinking alcohol or using drugs before Plaintiff Catherine M. Grefsrud sustained her injuries.

10.    The driver began to accelerate the Jet Ski in a usage of the personal watercraft, which was normal and foreseeable to the Defendants Kawasaki. The driver of the Jet Ski was not driving recklessly on the occasion in question.

11.    When the Jet Ski began to accelerate, Plaintiff Catherine M. Grefsrud slid off the back of the passenger seat and fell directly behind the Jet Ski in close proximity to the waterjet thrust on the jet drive propulsion system. As a direct and proximate result, Plaintiff Catherine M. Grefsrud suffered mutilating injuries to her vagina, anus, rectum, colon and internal organs. These injuries have resulted in excruciating pain, intense mental anguish and embarrassment, significant physical impairment and disfigurement. These injuries are permanent in nature.

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

## V.    COUNT I –PRODUCT LIABILITY

12.    Plaintiff Catherine M. Grefsrud incorporates the statement of facts set out in paragraph IV as if set out word for word in each subpart of paragraph V.

### A.    Design Defect

13.    In this diversity case, the law of Minnesota, which is the place of injury, and the forum jurisdiction, should be controlling. *See Erie Railroad Co. v.* Tompkins, 304 U.S. 64 (1938).

14.    Pursuant to Minnesota Statute § 544.41, the Jet Ski at issue was defective in its design because there were several practical and economic alternative designs which would have prevented these horrific injuries to Plaintiff Catherine M. Grefsrud without adversely affecting the utility of the product.

15.    The Jet Ski in question was defective and unsafe for its intended purposes at the time it left the control of Defendants Kawasaki. The Jet Ski was defective in that it was defectively designed so as to render it unreasonably dangerous to Plaintiff Catherine M. Grefsrud. In particular, the design allowed the passenger to ride without adequate mobility restraints, handholds, straps, grips, seating configuration and/or tail design which would have prevented the passenger from sliding backward off the seat upon acceleration and falling directly into the path of the Jet Ski's waterjet thrust of the jet drive propulsion system. Several safer alternative designs existed at the time the Jet Ski was manufactured by Defendants Kawasaki.

16.    A safer alternative design would have prevented or significantly reduced the risk of Plaintiff Catherine M. Grefsrud sustaining injuries without substantially impairing the Jet Ski's utility.

17.    This alternative design does not reduce the utility of the Jet Ski, but on the contrary, it actually enhances its utility by providing stability and back support to a passenger who is not in

4

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

control of the Jet Ski. The normal and expected use of the Jet Ski presents a dynamic environment which causes the passenger to frequently experience unforeseen jolts or acceleration forces. Added grip and seat stability and back support features would help the passenger to deal with those unforeseeable forces without being ejected off the back of the Jet Ski.

18.     Furthermore, each of these safer alternative designs were economically and technologically feasible at the time the Jet Ski left the control of the Defendants Kawasaki by the application of existing or reasonably achievable scientific knowledge.

19.     Moreover, the installation of such stability features to support the passenger were economically and technologically feasible at the time the Jet Ski left the control of the Defendants Kawasaki.

20.     This design defect was a direct, proximate and producing cause of Plaintiff Catherine M. Grefsrud's terrible injury on the occasion in question.

B.     **Warning and Marketing Defect**

21.     Defendants Kawasaki also failed to give adequate warnings of the extreme danger of the powerful waterjet created by the Jet Ski's jet propulsion system. This danger was well known to Defendants Kawasaki or, by the application of reasonably developed human skill and foresight, should have been known by the Defendants Kawasaki. Accordingly, such failure to warn, rendered the Jet Ski dangerous as marketed.

22.     Moreover, the warnings which were provided, were not adequate because the warning stickers were placed in locations in front of the driver and on the rear of the Jet Ski, where the Defendants Kawasaki could not reasonably expect the warning to catch the attention of a passenger. Also, the warning failed to convey a fair indication of the nature and extent of the danger to a passenger who might inadvertently fall into the waterjet of the jet propulsion system.

5

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

23.     The ordinary passenger on a Jet Ski, with the ordinary knowledge common to the community as to the Jet Ski's characteristics, would not appreciate the magnitude of the risk or the seriousness of the injury which could result by merely falling off the rear of the Jet Ski into the path of the powerful and dangerous waterjet's thrust.

24.     The warnings which were provided were small, inconspicuous, hidden within a barrage of warnings, poorly placed for passenger viewing, unclear, non-specific, vague and therefore, in violation of American National Standards Institute standards and entirely inadequate to provide the warnings needed by passengers invited to ride on such a Jet Ski.

25.     Such failures in the substance and placement of the warnings by Defendant Kawasaki rendered the Jet Ski unreasonably dangerous as marketed.

26.     Such warning and marketing defects were a direct, proximate and producing cause of the Plaintiff Catherine M. Grefsrud's injuries on the occasion in question.

## VI.     COUNT II – NEGLIGENCE

27.     Defendants Kawasaki's sale of the Jet Ski with the dangerous defects set out herein and the inadequate warnings of such unsafe characteristics of the Jet Ski as set out herein were negligent and such negligence was a proximate cause of the injuries to the Plaintiff on the occasion in question.

## VII.     DAMAGES

### A.     Actual Damages

28.     Plaintiff Catherine M. Grefsrud, as a direct, proximate and producing cause of the injuries which she suffered on August 30, 2016, is entitled to recover monetary compensation greatly in excess of the minimum jurisdictional limits of this Honorable Court for each element of compensatory damages set out below:

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

a.      Physical pain and mental anguish sustained in the past;

b.      Physical pain and mental anguish which, in reasonable probability, Plaintiff
        Catherine M. Grefsrud will suffer in the future;

c.      Loss of earning capacity sustained in the past;

d.      Loss of earning capacity that, in reasonable probability, Plaintiff Catherine
        M. Grefsrud will sustain in the future;

e.      Disfigurement sustained in the past;

f.      Disfigurement that, in reasonable probability, Plaintiff Catherine M.
        Grefsrud will sustain in the future;

g.      Physical impairment sustained in the past;

h.      Physical impairment that, in reasonable probability, Plaintiff Catherine M.
        Grefsrud will sustain in the future;

i.      Medical care expenses incurred in the past;

j.      Medical care expenses that, in reasonable probability, Plaintiff Catherine
        M. Grefsrud will incur in the future;

k.      Plaintiff Catherine M. Grefsrud has also suffered a loss of enjoyment of life
        in the past, and in reasonable probability will suffer such damages long into
        the future, if not for the duration of her life; and

l.      At the time of the accident, Plaintiff Catherine M. Grefsrud was employed
        and was earning wages. Due to this injury, Plaintiff has been unable to work
        for a substantial period and therefore has suffered lost earnings in the past.

## REQUEST FOR RELIEF

29.     Plaintiff Catherine M. Grefsrud requests that the Court:

A.      Enter judgment in favor of Plaintiff and against Defendants for each of the

        claims asserted in her Complaint;

B.      Enter judgment in favor of Plaintiff and against Defendants in an amount

        greater than $50,000.00;

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

C.   Award Plaintiff costs and disbursements allowed by Minn. Stat. 549.02,

including, if appropriate, reasonable attorney fees;

D.   Award prejudgment and post judgment interest pursuant to Minn. Stat. 549.09; and

E.   Such other and further relief as the Court may deem just and proper.

DATED: December 19, 2018                    Respectfully submitted,

DANA G. KIRK, I.D. No. 0397876
**KIRK LAW FIRM, PLLC**
440 Louisiana Street, Suite 2400
Houston, Texas 77002
Telephone: 713/651-0050
Facsimile: 713/651-0051
kirk@kirklawfirm.com

John A. Daspit
Federal ID No. 1385146
TSBN: 24041529
Brian N. Mazzola
TSBN: 24037053
**DASPIT LAW FIRM, PLLC**
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: 713/588-0383
Facsimile: 713-587-9086
e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF
CATHERINE M. GREFSRUD**

8

Filed in District Court
State of Minnesota
12/21/2018 5:58 PM

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions, including costs, disbursements, and reasonable attorney fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

_____
Dana G. Kirk